1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7
8   STEVEN WAMBOLDT,
9           Plaintiff,                          No. C 07-0884 PJH
10      v.                                      **ORDER GRANTING LEAVE
                                                TO AMEND COMPLAINT**
11
    SAFETY-KLEEN SYSTEMS,
12
            Defendant.
13  _____/

14          Now before the court is the motion of plaintiff Steven Wamboldt ("Wamboldt") for leave

15  to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).  Having carefully

16  reviewed the parties' papers and considered their arguments and the relevant legal authority,

17  and good cause appearing, the court hereby GRANTS Wamboldt's motion for the following

18  reasons.

19                              **BACKGROUND**

20          This action arises from defendant Safety-Kleen Systems, Inc.'s ("Safety-Kleen")

21  alleged failure to pay overtime.  Plaintiff originally filed his complaint on November 17, 2006

22  in Los Angeles Superior Court.  Safety-Kleen removed the case to the Central District

23  alleging that this action meets the requisites of the Class Action Fairness Act of 2005.

24  Upon Wamboldt's motion, the case was then transferred here, where the related case

25  *Perez v. Safety Kleen Systems, Inc.* (Case No. 3:05-cv-05338-PJH) was pending.  *Perez*

26  had been removed to this court on December 23, 2005.

27          Wamboldt, a former Safety-Kleen employee, alleges that Safety-Kleen failed to pay

28  overtime due to its customer service representative employees.  Wamboldt also claims that

Safety-Kleen improperly reduced commissions payable to those employees.  Plaintiff now

seeks to amend his complaint to add: 1) allegations and requested remedies under the

Labor Code Private Attorney General Act for civil penalties, Cal. Labor Code Section 2699;

and 2) a claim of failure to pay commissions due ("commission compensation claim").  See

Proposed Am. Compl. ¶¶ 7, 12-15, 30-32.

**DISCUSSION**

A.    Legal Standard

Federal Rule of Civil Procedure ("FRCP") 15(a) requires that a plaintiff obtain either

consent or leave of court to amend its complaint once defendant has answered.  "[L]eave

shall be freely given when justice so requires."  See, e.g., Morongo Band of Mission Indians

v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme

liberality"); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) (same).

Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would

cause undue prejudice to defendants, or is sought by plaintiffs in bad faith or with a dilatory

motive.  DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); Foman v.

Davis, 371 U.S. 178, 182 (1962).

B.    Wamboldt's Motion

Wamboldt first requests leave to amend his class action complaint to add allegations

concerning civil penalties.  Wamboldt maintains that these claims could not be alleged until

he exhausted these claims through the Labor & Workforce Development Agency.  That

agency issued its statutory clearance on January 4, 2007, copying Safety-Kleen.  Safety-

Kleen opposes Wamboldt's amendment to add this claim only on the grounds that a motion

pursuant to FRCP 15(d), not FRCP 15(a), is the proper procedural mechanism.  Because

the standards for granting or denying a motion to supplement a complaint pursuant to

FRCP 15(d) are the same as those for granting or denying leave to amend, because

Safety-Kleen concedes that supplementing the pleading would have been proper, and

because amendment is required to add Wamboldt's commission compensation claim,

1  Wamboldt may amend his complaint to add this claim.  See Glatt v. Chicago Park Dist., 87

2  F.3d 190, 194 (7th Cir. 1996).

3          Safety-Kleen also opposes the addition of Wamboldt's claim for commission

4  compensation violations.  Wamboldt alleges that Safety-Kleen impermissibly reduced the

5  amount of employee commissions in violation of California Code of Regulations, 8 Cal.

6  Code Regs. § 11010 et seq.  Safety-Kleen does not claim it will be prejudiced by

7  Wamboldt's proposed amendment, and the record is devoid of any evidence of prejudice.[1]

8  To the contrary, this case is still young:  dispositive motion and class certification deadlines

9  were set on April 17, 2007, and discovery has only recently commenced.  Safety-Kleen,

10  however, opposes amendment on the grounds that: (1)  Wamboldt engaged in forum

11  shopping in bad faith and with undue delay; and (2) amendment would be futile.  In the

12  absence of prejudice, there must be a "strong showing" of bad faith, undue delay or futility

13  to overcome FRCP 15(a)'s presumption in favor of granting leave to amend.  See

14  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is

15  the touchstone of the inquiry under rule 15(a).").  There is no such strong showing here.

16                      1.    Delay and Bad Faith

17          Safety-Kleen argues that Wamboldt deliberately omitted a commission

18  compensation claim in his original complaint in an attempt to forum shop, exhibiting both

19  delay and bad faith.  Safety-Kleen maintains that a related lawsuit filed by David Stegall

20  ("Stegall") included a claim for commission compensation violations, that Safety-Kleen

21  stipulated that Wamboldt could join that suit, but Wamboldt and his counsel then tried to

22  strip away claims from that lawsuit and add them to Wamboldt's complaint, hoping for a

23  better judicial assignment, as Stegall's complaint was pending before a federal judge in the

24  Central District "not to their liking."

25  _____

    [1]

26          In fact, the record shows that Wamboldt notified Safety-Kleen that it intended
        to add the commission compensation claim at least as of December 4, 2006
27      in Wamboldt's opposition to removal, less than a month after he filed his
        complaint.  Plaintiff's counsel waited to bring this motion pending transfer to
28      this district.  See Ramos Decl. ¶ 4.

1    Plaintiffs typically strategize when picking a forum in which to file a complaint.

2  Wamboldt was entitled to choose a forum and file his complaint in state court.  There are a

3  variety of reasons why one plaintiff would drop certain claims from a complaint and why a

4  different plaintiff would add those claims.  Safety-Kleen's allegations of forum shopping are

5  based on the facts that when Safety-Kleen's counsel withdrew his initial offer to transfer

6  Wamboldt's and Stegall's cases to this district where the related *Perez* case was pending,

7  Wamboldt's counsel mentioned that Safety-Kleen's counsel probably "like[d] the judge" in

8  the Central District.  This does not evidence impermissible forum shopping.  In fact, it

9  indicates that prior to filing his complaint, Wamboldt's counsel already contemplated

10  moving to transfer both actions to the same forum – the Northern District.  In sum, there is

11  insufficient evidence of bad faith to overcome FRCP 15(a)'s presumption in favor of

12  granting leave to amend.  See Hurn v. Retirement Fund Trust of Plumbing, Heating &

13  Piping Industry of So. Calif., 648 F.2d 1252, 1254 (9th Cir. 1981) (citation omitted) ("Where

14  there is lack of prejudice to the opposing party and the amended complaint is obviously not

15  frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny

16  such a motion.").

17         2.    Futility

18    Ordinarily, courts do not consider the validity of a proposed amended pleading in

19  deciding whether to grant leave to amend.  Denials based on futility are rare.  See

20  Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial  (2006) § 8:422.

21  These challenges are usually deferred until after leave is granted and the amended

22  pleading filed.  See, e.g., Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 549 (N.D. Cal.

23  2003); Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 157 (N.D. Cal. 2005).  Before

24  discovery is complete, a proposed amendment is futile only if no set of facts can be proved

25  under the amendment which would constitute a valid claim or defense.  See Miller v.

26  Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

27    Safety-Kleen argues that Wamboldt should not be able to add a commission

28  compensation claim because the claim will not survive summary judgment.  Safety-Kleen

1  argues that it is permitted to take revenue into account when calculating commissions,

2  because California Code of Regulations, 8 Cal. C. Regs. § 11070 only prohibits taking

3  certain expenses into account when calculating bonuses.  <u>See Ralphs Grocery Co. v.</u>

4  <u>Superior Court</u>, 112 Cal. App. 4th 1090, 1094 (2003) (bonus plan taking certain prohibited

5  expense items into account is unlawful; however, other expense items "may lawfully be

6  considered in profit-based bonus programs").  Safety-Kleen claims that its commission plan

7  does not take any expenses into account, is only based on revenue, and does not violate

8  the law.

9       Wamboldt's proposed complaint, however, alleges that defendant reduced

10  commissions based on lack of branch profitability.  <u>See</u> First Am. Complaint ¶¶ 10, 16, 17,

11  22(e), 37.  As Safety-Kleen acknowledges, profitability is a measure that takes into

12  account both income and expenditures.  Because the proposed amended complaint alleges

13  that defendant takes into account expenses and profitability, a set of facts can be proved

14  under the amendment which would constitute a valid claim or defense, and therefore the

15  proposed amendment is not futile.  <u>See Miller</u>, 845 F.2d at 214.

16                                                **CONCLUSION**

17       The motion to amend is GRANTED.  Wamboldt shall submit an amended pleading in

18  accordance with this order within 20 days, and Safety-Kleen shall file its response within 20

19  days thereafter.

20       IT IS SO ORDERED.

21  Dated: May 7, 2007

22

23                                                                 _____

                                                                 PHYLLIS J. HAMILTON
24                                                                 United States District Judge

25

26

27

28