SEYFARTH SHAW LLP
Robert W. Tollen (SBN 038875) rtollen@seyfarth.com
Cassandra H. Carroll (SBN 209123) ccarroll@seyfath.com
Allison B. Moser (SBN 223065) amoser@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant SAFETY-KLEEN SYSTEMS, INC.

BARRON E. RAMOS (SBN 179620)
Attorney at Law, a professional corporation
132 N. El Camino Real, No. 303
Encinitas, California 92924
Telephone: (760) 274-6438
Facsimile: (760) 994-1354

EDGAR LAW FIRM
Donald S. Edgar, Esq. (SBN 139324)
Jeremy R. Fietz, Esq. (SBN 200396)
408 College Avenue
Santa Rosa, California 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

HENDERSON & CAVERLY LLP
Kristen E. Caverly (SBN 175070)
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067
Telephone: (858) 756-6342
Facsimile: (858) 756-4732

Attorneys for Plaintiff STEVEN WAMBOLDT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAMBOLDT, on behalf of himself, those similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY-KLEEN SYSTEMS, INC., a Wisconsin corporation, and DOES 1 through 100, inclusive.<br><br>Defendant. | Case No. CV 07 00884 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

1. Purposes And Limitations

The Magistrate Judge in the related action of *Perez v. Safety-Kleen* has ordered the production of Safety-Kleen's Hazardous Materials Security Plan, a confidential document issued pursuant to regulations of the U.S. Department of Transportation and the U.S. Homeland Security Department, which is dated September 22, 2003. Plaintiff's counsel wish to use the Hazardous Materials Security Plan in the present action. Special protection from public disclosure and from use for any purpose other than prosecuting this case and the *Perez v. Safety-Kleen* matter is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. Definitions

2.1 Party: Any party to this action, including any party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 "The Plan": Safety-Kleen's Hazardous Materials Security Plan (or any part of such document), which qualifies for protection under standards developed under F.R.Civ.P. 26(c).

2.3 Receiving Party: A Party that receives The Plan from a Producing Party.

2.4 Producing Party: A Party or non-party that produces The Plan in this action.

2.5 Designating Party: A Party or non-party that designates The Plan as confidential in this action.

2.6 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.7 House Counsel: Attorneys who are employees of a Party.

2.8 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.9 Expert: A person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in

this action and who is not a current employee of a Party's competitor and who, at the time of retention, has no pending application or offer to become an employee of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.10    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only The Plan (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal The Plan.

4.     DURATION

The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation. Nonetheless, the parties agree to abide by the confidentiality obligations imposed by this Order which shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

    5.1    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order ("The Plan") must be designated as follows: The Producing Party affixes the legend "CONFIDENTIAL" to each page of such document.

    5.2    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate The Plan, or any portion of The Plan, as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or after the material was initially produced, the Receiving Party, on timely notification of the designation, must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. ACCESS TO AND USE OF THE PLAN

    6.1    Basic Principles. A Receiving Party may use The Plan in connection with this case only for prosecuting, defending, or attempting to settle this litigation. The Plan may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9, below (FINAL DISPOSITION).

The Plan must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    6.2    Disclosure of The Plan. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose The Plan only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation;

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    witnesses in the action to whom disclosure is reasonably necessary, during their depositions and in preparation for their depositions. Pages of transcribed deposition testimony or exhibits to depositions that reveal The Plan must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    (g)    the author or any recipient of the document or the original source of the information;

(h) any Party, who then shall have all the rights and duties of a Receiving Party; and

(i) a mediator approved by both parties, provided that disclosure to the mediator is reasonably necessary for the mediation.

7. UNAUTHORIZED DISCLOSURE OF THE PLAN

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed The Plan to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of The Plan, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

8. FILING THE PLAN

The parties shall generally follow the obligations imposed by Local Rule 79-5 (Filing Documents Under Seal). If a Party wishes to file all, or any part of the Plan, they shall notify Safety-Kleen's counsel of such intent in writing. Within 5 days of receipt of such notification, if Safety-Kleen wishes that The Plan be filed under seal, Safety-Kleen shall file an administrative motion to seek a Court order requiring The Plan to be filed under seal. If the Court grants the motion, The Plan may be filed under seal pursuant to the Court order. If the Court denies the motion, or Safety-Kleen fails to file a timely motion, The Plan may be filed publicly without seal. Motion filing deadlines shall be deemed complied with if a Party files its motion, with an empty exhibit representing The Plan, on or prior to any motion deadline. The resolution of the filing under seal issue shall not render late an otherwise timely filed motion.

9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return The Plan, or any part thereof, to the Producing Party. As used in this subdivision, "The Plan" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of The Plan. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of The Plan instead of returning it. Notwithstanding this provision, Counsel are

| | |
|---|---|
| 1 | entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, |
| 2 | correspondence or attorney work product, even if such materials contain The Plan. Any such |
| 3 | archival copies that contain The Plan remain subject to this Protective Order as set forth in |
| 4 | Section 4 (DURATION), above. The Court's jurisdiction to enforce the terms of the Order shall |
| 5 | continue for six (6) months after the final conclusion of all aspects of the litigation. |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 29, 2008                    SEYFARTH SHAW LLP

By _____
Robert W. Tollen
Cassandra H. Carroll
Allison B. Moser
Attorneys for Defendant
SAFETY-KLEEN CORP.

DATED: February 29, 2008                    BARRON E. RAMOS, ATTORNEY AT LAW
Barron E. Ramos


By _____s/Barron Ramos_____
Attorneys for Plaintiff
REYMUNDO PEREZ AND JERREL DOANE

DATED: February 29, 2008                    THE EDGAR LAW FIRM
Donald S. Edgar
Jeremy R. Fietz


By _____s/ Jeremy R. Fietz_____
Attorneys for Plaintiff
REYMUNDO PEREZ AND JERREL DOANE

DATED: February 29, 2008                    HENDERSON & CAVERLY LLP
Kristen E. Caverly

By _____s/Kristen E. Caverly_____
Attorneys for Plaintiff
REYMUNDO PEREZ AND JERREL DOANE

IT IS SO ORDERED.

DATED: March __4__, 2008

_____
Hon. Phyllis J. Hamilton
United States District Judge

*IT IS SO ORDERED — Judge Phyllis J. Hamilton, United States District Court, Northern District of California*

SF1 28316107.1 / 13215-000050