UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAMBOLDT,

    Plaintiff,

    v.

SAFETY-KLEEN SYSTEMS, INC.,

    Defendant.

_____/

No. C 07-0884 PJH

**ORDER RE CLASS NOTICE AND STRIKING STATEMENT OF CLAIM**

Before the court are the parties' briefs setting forth their dispute with regard to the contents and proposed manner of distributing the class notice. To assist the court's understanding of the dispute, the court ordered plaintiff to file a more definite statement clarifying the "overtime claim" alleged in the first amended complaint ("FAC"), because of the ambiguity that appeared to be raised by certain language in the FAC. The court contemplated the kind of statement that would be prepared following a successful motion for a more definite statement under FRCP 12(e); hence no provision was made for the filing of an opposition by defendant. Instead, plaintiff has submitted essentially a brief, replete with argument and citations supporting his position that the FAC is not ambiguous and that a broad reading of the overtime claim is warranted. The court finds the brief improper and orders it STRICKEN. The court herein relies solely on the FAC and the requested briefs in resolving the dispute about the class notice.

The court has reviewed the FAC and determined that while there is a reference to California Labor Code section 510's requirement that overtime compensation be paid at a rate of not less than one and one-half times the regular rate of pay, there is also a reference to defendant's failure to pay overtime compensation by failing to provide overtime

pay, premium pay, and overtime premiums, suggesting some distinction between these types of pay. More significantly, however, the FAC does not appear to contain an explicit allegation that all that is sought by plaintiff is compensation for one and one-half times his regular rate of pay. Thus the court does not read the FAC as prohibiting plaintiff and the class from proceeding under their more generic definition of overtime. By the same token, the class definition does not contain the language suggested by plaintiff, "whether that amount is computed at the employer's hourly rate of pay or at a premium rate of pay." The court therefore approves class notice that contains the following language:

> The complaint alleges that defendant failed to compensate plaintiff and other customer service representatives in compliance with various provisions of California Labor Code by failing to compensate employees for all hours worked in excess of eight hours in one day and/or in excess of forty hours in a work week.

Further, although this issue was not identified in conjunction with the class certification motion, the court fully intended to certify the class defined in the FAC, and is not amenable to revisiting class certification on this issue. Whether defendant's failure to compensate employees for those hours worked at a regular rate of pay amounts to a violation of the Labor Code, is not a pleading issue, and will instead be resolved in the final dispositive motion or at trial.

With regard to the inclusion of defense counsel's name and contact information in the class notice, defendant has provided no authority for its request, nor has it persuaded the court that there is a good reason for doing so.

With regard to the manner of distribution, the court already indicated that the five methods suggested by plaintiff were excessive. The court agrees with defendant that use of an administrator is preferable. As direct mailing is the most acceptable way of providing notice, there is no need to provide the notice additionally in a pay envelope for current employees and to post it at the work place. With regard to former employees, mailing to the last known address is the obvious first step. It is this court's experience that experienced class administrators have several tools available to them for locating class

members whose notices are returned.  Given the expense of publication, other methods should be attempted first.

The parties shall further meet and confer and prepare a final notice, to be submitted for the court's approval as soon as possible.

**IT IS SO ORDERED.**

Dated: May 12, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge