UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAMBOLDT,

    Plaintiff(s),                             No. C 07-0884 PJH

    v.                                          **ORDER**

SAFETY-KLEEN SYSTEMS, INC.,

    Defendant(s).

_____/

On August 6, 2008, the court heard plaintiff's motions for a class communications order and for sanctions. Plaintiff was represented by Jeremy Fietz, Donald Edgar, and Todd Hipper. Defendant was represented by Robert Tollen and Cassandra Carroll. Based upon the papers submitted and the arguments presented at the hearing, the court GRANTED the motion for an order limiting communication with the class and DENIED the motion for further sanctions, for the reason stated at the hearing and summarized as follows.

Boiled down to its essence this dispute is about a memorandum prepared by Safety-Kleen and circulated to members of the previously-certified class of its current customer services representatives ("CSRs"). The memorandum was circulated several days before court-approved class notice was sent to class members and set forth Safety-Kleen's opinion about this litigation and its defenses thereto. Had the memorandum been limited to this purpose, this court's intervention would probably have been unnecessary. However, the memorandum by express language and tone, essentially exhorted class members to opt out of the class. Indeed, at the hearing Safety-Kleen's counsel admitted that the purpose of the memorandum was to attempt to induce as many opt-outs as possible.

The parties had been previously advised by the court that contact with class members by counsel for both sides would be appropriate as long as such contact was not abusive or coercive and that no restrictions would be imposed in the absence of evidence of abuse.  The principal concerns that warrant the imposition of restrictions upon counsel's communications with the class include:  (1) solicitation of direct representation of class members who are not formal parties, (2) solicitation of funds and agreements to pay fees, (3) solicitation by defendants of requests to opt out, and (4) communications which may be confusing or misleading, or create an impression which reflects adversely on the court. See Domingo v. New England Fish Co., 727 F.2d 1429, 1441 (9th Cir. 1984)(dealing with post-certification restriction on communications); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 & n.12 (1981).  Here, the memorandum in question would appear to directly implicate the third of these concerns – i.e., the solicitation by defendants of requests to opt out.

The opt-out period has expired and only 4 of the 315 class members opted out of the class, and plaintiff provided no evidence that these four class members were influenced in any way by the memorandum.  Nonetheless, the court finds that the memorandum was unduly suggestive and further that given that the class had been certified before the memorandum was circulated, it had the potential to subvert the intent of the class notice. Although the cases regarding this issue generally pertain to communications with the class by counsel, the court finds this situation, where the communication was by a party, warrants a restriction on future communications.

**Accordingly, for the duration of this litigation, Safety-Kleen may not communicate with class members about this litigation or the related case of *Perez v. Safety-Kleen*, C 05-5338 PJH.**  With regard to the past communication (the memorandum) the court finds that no monetary or evidentiary sanction is warranted, nor is a curative notice needed in view of the expiration of the opt-out period and the absence of evidence of any actual harm.

2

The parties are ordered to meet and confer in advance of a case management conference to be held in both related cases to discuss consolidation, settlement, and trial scheduling, on September 11, 2008.

**IT IS SO ORDERED.**

Dated: August 7, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge